```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

JANICE RODRIGUEZ,

                     Plaintiff,

                                                      14-CV-6038T

      v.

                                                      **DECISION**
                                                      **and ORDER**

ROCHESTER GENESEE REGIONAL TRANSPORTATION
AUTHORITY AND DR. ELAINE TUNAITIS,

                     Defendants.
_____

## **INTRODUCTION**

Plaintiff Janice Rodriguez, ("Rodriguez"), proceeding pro se, brings this action pursuant to the Americans with Disabilities Act, codified at 42 U.S.C. 12181 et. seq., and Section 296 of the New York State Human Rights Law claiming that she was discriminated against by the defendants Rochester Genesee Regional Transportation Authority ("RGRTA" or "defendant") and Dr. Elaine Tunaitis on the basis of a disability. Plaintiff, who claims to suffer from a back injury and a lifting restriction, claims that RGRTA failed to hire her as a bus driver because of her disability (or a perceived disability) or, in the alternative, that RGRTA failed to provide her with reasonable accommodations so that she could perform the position of bus driver. Although plaintiff names Dr. Tunaitis as defendant in the Complaint, there are no allegations directed specifically against her.

The defendants deny plaintiff's allegations, and move to dismiss plaintiff's complaint for failure to state a cause of

action. Specifically, the defendants contend that plaintiff was not hired by RGRTA because she lied to RGRTA and Dr. Tunaitis regarding her medical history, and therefore was unable to pass a medical examination required of all bus drivers in the State of New York. Defendant contends that because plaintiff could not pass her medical examination, she was not qualified to be hired as a bus driver. Plaintiff has not opposed the defendants' motion.

For the reasons set forth below, I grant defendants' motion to dismiss plaintiff's Complaint.

## BACKGROUND

The following background information is taken from the plaintiff's Complaint and the unopposed evidence submitted in support of defendants' motion to dismiss. Plaintiff Janice Rodriguez applied for a position as a part-time bus driver with the RGRTA. According to the Complaint, Rodriguez was given a conditional job offer pending her passing a medical examination. According to the defendant, all bus drivers must pass a state-mandated medical examination prior to being allowed to operate a bus.

On July 11, 2013, plaintiff completed a medical certification statement as part of the medical examination process. On the statement, plaintiff stated that she had no disabilities that prevented her from performing work, and stated that she had never sustained a work-related injury or filed a claim for workers'

compensation. During the medical examination performed by Dr. Tunaitis, plaintiff allegedly told Dr. Tunaitis that she had had back surgery in 2003, and had not seen a doctor since that time. According to medical records obtained by Dr. Tunaitis, however, it became apparent that plaintiff had filed a workers' compensation claim based on a work-related injury, had a lifting restriction of 15 pounds, and had last been to the doctor in 2009, not 2003 or 2004 as she had told Dr. Tunaitis. According to the defendant, plaintiff was disqualified from the driver position because she lied to RGRTA on the medical form, lied to Dr. Tunaitis, and did not pass her medical examination.

## DISCUSSION

### I.  Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted).  Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim.  Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

  II. Plaintiff has failed to state a cause of action for disability discrimination.

Plaintiff alleges that she was discriminated against on the basis of a disability, or a perceived disability.  Section 12112 of the ADA prohibits discrimination against qualified individuals with a disability with respect to conditions of employment including hiring, advancement, discharge and compensation.  42 U.S.C.A. § 12112(a) (1995).  To state a prima facie case of discrimination

under the ADA, a plaintiff must demonstrate that (1) she is a handicapped person within the meaning of the ADA; (2) she is otherwise qualified to perform the duties of her job; (3) adverse employment action was taken against her because of her handicap; and (4) her employer is subject to the anti-discrimination provisions of the ADA. <u>Joyce v. Suffolk County</u>, 911 F.Supp. 92, 94 (E.D.N.Y. 1996) (citations omitted). A plaintiff may also establish a claim of disability discrimination by demonstrating that she was erroneously regarded by her employer as having an impairment as defined by the ADA. <u>Sutton v. United Airlines, Inc.</u>, 527 U.S. 471 (1999).

In the instant case, I find, that plaintiff has failed to sufficiently allege that she suffers from a disability under the ADA or that she was regarded by the defendant as being disabled under the ADA. I further find that plaintiff has failed to establish that she was qualified for the position of part-time bus driver. Accordingly, I find that she has failed to state a claim of discrimination.

    A. Plaintiff has failed to allege or establish that she is <u>a qualified individual with a disability under the ADA</u>.

Plaintiff claims that she suffered a back injury in April of 2008 which resulted in a lifting restriction of 15 pounds. Plaintiff does not further explain the nature of the injury, nor has she responded to the defendant's motion to dismiss this claim.

It is well settled under federal law that the mere presence of

a medical condition or impairment suffered by a plaintiff does not establish that the plaintiff is disabled under the ADA. Capobianco v. City of New York, 422 F.3d 47, 57 (2d Cir.2005) ("Not every impairment is a 'disability' within the meaning of the ADA"); 29 C.F.R. § 1630.2(j)(ii)("not every impairment will constitute a disability within the meaning of this section.")  Rather, to establish the existence of a disability, a plaintiff must demonstrate that he or she suffers from a physical or mental impairment that "substantially limits one or more major life activities . . . ."  42 U.S.C. § 12102(2)(A).  "Major life activities" are defined in the regulations promulgated by the EEOC as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  45 C.F.R. § 84.3(j)(2)(ii).

To be "substantially impaired" from performing a major life activity, a plaintiff must have an impairment that "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 196-197.  Moreover, "[t]he impairment's impact must also be permanent or long term." Id. at 198.  See also Williams v. Salvation Army, 108 F.Supp.2d 303, 312-313 (S.D.N.Y.2001) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities") (internal quotation marks and citations omitted); 29 C.F.R. § 1630.2(j)(1)(I)-(ii)(A major life

activity is substantially limited when an individual cannot perform an activity that an average person in the general population could perform, or faces significant restrictions in the "condition, manner, or duration under which the individual can ... perform [the] activity.")

"Although almost any impairment may . . . in some way affect a major life activity, the ADA clearly does not consider every impaired person to be disabled." Ryan v. Grae & Rybicki, 135 F.3d 867, 871 (2nd Cir. 1998). In determining whether or not a plaintiff has a disability, "courts have been careful to distinguish impairments which merely affect major life activities from those that substantially limit those activities." Id. (emphasis in original). Accordingly, courts that have considered whether or not a 25 to 30-pound lifting restriction substantially limits a major life activity have held that such a restriction is not a significant limitation. See Gittens v. Garlocks Sealing Technologies, 19 F.Supp.2d 104, 111 (W.D.N.Y. 1998) (Larimer, C.J.) (30-pound lifting does not significantly affect major life activity); Kirkendall v. United Parcel Service, 964 F.Supp. 106 (W.D.N.Y. 1997) (Larimer, C.J.) (lifting restriction of 30 pounds does not significantly affect major life activity); Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 349 (4th Cir.1996) (25 pound lifting limitation does not significantly affect major life activity); Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir.1996) (25 pound lifting

restriction does not significantly affect major life activity). Based on this authority, I find that plaintiff's claim that she is restricted to lifting 15 pounds does not allege the existence of a disability under the ADA, and therefore, plaintiff has failed to adequately allege that she is disabled under the ADA. Because plaintiff has failed to sufficiently allege that she is disabled under the ADA, she has failed to state a prima facie case of disability discrimination.

> B. Plaintiff has failed to establish that she was Perceived as Disabled under the ADA by her potential Employer.

Plaintiff claims in the alternative that she is not disabled, but that because RGRTA regarded her as being disabled, she was not hired as a bus driver for the defendant. When proceeding under a theory of perceived disability, a plaintiff must establish that the defendant employer erroneously believed that the plaintiff suffered from a condition that prevented the plaintiff from working in a broad class of jobs. Sutton v. United Airlines, 527 U.S. 471, 492-93 (1999).

In the instant case, plaintiff has failed to allege that RGRTA regarded the plaintiff as disabled from a broad class of jobs, or even that plaintiff was disabled. While the plaintiff alleges that the defendant believed she was under a work restriction, she has failed to allege that the defendants regarded her as being disabled as defined by the ADA. As stated above, the mere fact that a person may have a work restriction does not render that person

disabled under the ADA. Because plaintiff has failed to sufficiently allege that the defendant considered her to be disabled, she has failed to state a prima facie case of disability discrimination.

    C.    Plaintiff has failed to establish that she was qualified for the position of Bus Driver.

The second element of a prima facie case of disability discrimination requires that the plaintiff establish that she was qualified to perform the essential functions of her job, with or without accommodation. Wernick, 91 F.3d 379 (2nd Cir. 1996); School Board of Nassau County v. Arline, 480 U.S. 273, 287 n. 17 (1987). It is the plaintiff's burden to demonstrate that she is qualified for the position. Borkowski v. Valley Central School District, 63 F.3d 131, 137 (2d Cir. 1995).

In the instant case, the defendant has asserted, without objection from the plaintiff, that Rodriguez was required under New York State Law to be medically certified to be hired as a bus driver. Defendant has also demonstrated, without opposition from the plaintiff, that Rodriguez was not medically certified to operate a bus. Because plaintiff did not have the required certification to operate a bus, she was not qualified to be a bus driver. Because she was not qualified for the position of bus driver, she can not establish a prima facie case of discrimination.

Plaintiff alleges that she should have been certified to drive a bus because driving a bus did not involve any lifting. She

claims that she did not mention her lifting restriction because she felt it was not relevant to her application to become a bus driver. Despite plaintiff's personal beliefs regarding the relevancy of her medical history, however, it is uncontroverted that the plaintiff withheld information that was asked of her both on her medical certification and during her medical exam.  It was plaintiff's failure to disclose her medical information that caused her to be disqualified from the position she sought.

   III. Remaining Claims.

   Plaintiff's federal claims against Dr. Tunaitis are dismissed with prejudice on grounds that the ADA does not provide for personal liability of individual defendants. Silk v. City of Chicago, 194 F.3d 788 (7th Cir. 1999); Tomka v. The Seiler Corporation, 66 F.3d 1295 (2nd Cir. 1995).  To the extent that plaintiff alleges retaliation by the defendants against her, or that the defendants failed to provide her with reasonable accommodations, I find that such claims lack any plausible basis, and therefore may be dismissed. With respect to plaintiff's State law claim, where a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over state-law claims, and may dismiss those claims without prejudice.  28 U.S.C.A. 1367(c)(3).  Because all of

plaintiff's federal claims have been dismissed, I hereby dismiss plaintiff's state law claims pursuant to 28 U.S.C.A. 1367(c)(3).

## CONCLUSION

For the reasons set forth above, I grant defendants' motion to dismiss plaintiff's Complaint in its entirety.

**ALL OF THE ABOVE IS SO ORDERED.**

  s/Michael A. Telesca  
Michael A. Telesca  
United States District Judge

DATED:   Rochester, New York  
         August 4, 2014